TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-01-00316-CV

In re Karen Elaine Eckert, Relator

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

 

 Relator Karen Elaine Eckert files her petition for writ of mandamus arising out of her
divorce proceeding. See Tex. R. App. P. 52.8. Relator urges that the trial court erred in finding that
the third-party defendants and real parties in interest Texas Pathology I, L.P., Texas Pathology,
L.L.C., Austin Pathology Associates, Brazos Valley Pathology Associates, Brenham Pathology
Associates, and Metroplex Pathology Associates ("the Medical Entities") did not have to produce
documents or answer deposition questions relating to her husband's participation in and ouster from
the Medical Entities' business dealings. The trial court, however, ordered that Relator's husband
was entitled to discovery as to communications between and among the Medical Entities and their
attorneys because he, as a member, shareholder, partner director, manager, and/or officer of the
Entities was a client representative of the Entities. She asks that this Court compel the trial court to
order the Medical Entities to turn over to her all documents and answer all of her deposition
questions that the Entities argued were protected by the attorney-client privileges.

 The relationship between two spouses is a fiduciary relationship, and they are bound
by a fiduciary duty in dealing with the management, control, and disposition of the community
estate. Southwest Tex. Pathology Assoc., L.L.P. v. Roosth, 27 S.W.3d 204, 208 (Tex. App.--San
Antonio 2000, pet. dism'd w.o.j.); In re Marriage of Moore, 890 S.W.2d 821, 827 (Tex.
App.--Amarillo 1994, no writ). The Medical Entities have been ordered to respond to discovery
requested by Relator's husband relating to the same issues on which Relator seeks discovery. 
Relator can seek to discover the documents and deposition information through her husband, who
has a fiduciary duty to her to maintain and not to diminish or dissipate the community estate. 

 In light of the standard of review applied to original proceedings, see In re Missouri
Pacific Railroad Co., 998 S.W.2d 212, 215 (Tex. 1999), we cannot hold the trial court abused its
discretion in ordering that Relator was not entitled to discover from the Medical Entities the
privileged communications between the Entities and their attorneys. We deny Relator's petition for
writ of mandamus. Our denial, however, is without prejudice to Relator's rights to seek discovery
from her husband in the course of her divorce proceedings or to file another petition for writ of
mandamus should those discovery attempts be denied or resisted.

 __________________________________________

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Filed: June 15, 2001

Do Not Publish