Opinion issued May 8, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00078-CV




KATHLEEN MORELAND RICH, Appellant

V.

PAUL B. RICH, Appellee




On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2000-32292




MEMORANDUM OPINION

          This is an interlocutory appeal of the trial court’s denial of appellant’s motion
to compel arbitration.


 Appellant, Kathleen Moreland Rich, sought to compel
arbitration pursuant to a divorce decree. Paul B. Rich, appellee, resisted arbitration
and contends that the clause is neither valid nor enforceable. We reverse.
BACKGROUND
          Paul and Kathleen divorced in October 2001. Pursuant to the parties’
settlement agreement, the trial court issued a divorce decree. In that decree, Paul and
Kathleen were each awarded a 50 percent interest in their former homestead.
          In November 2002, Paul sued to enforce the decree. In his live pleadings, Paul
contended that the continued joint ownership and management of the property was
not functional. He also alleged that Kathleen had not paid certain debts for which she
was responsible. Paul sought to recover all sums allegedly due plus attorney’s fees;
he asked the trial court to appoint a receiver to take possession of the property, sell
it, and split the proceeds. 
          Kathleen filed her own motion to enforce the divorce decree, contending that
Paul was not complying with the terms of the decree, was concealing rental proceeds
from their property and forging her name to convert these rental proceeds, and was
attempting to take control of certain funds. Kathleen also sought to arbitrate the
dispute. Although he signed a statement recognizing the value of alternative dispute
resolution, Paul opposed the arbitration.
DISCUSSION
          In her sole point of error, Kathleen contends that the dispute between the
parties is governed by an arbitration clause in the divorce decree. The applicable
portion of the divorce decree provides:
The parties agree that any claim or controversy arising out of this
Final Decree of Divorce that cannot be settled by direct negotiation or
mediation will be submitted to binding arbitration as provided in
Chapter 171 of the Texas Civil Practice and Remedies Code. The
arbitrator will be Mary Sean O’Reilly, but if said arbitrator is not able
to conduct arbitration, the parties will secure the name of an arbitrator
from the court that rendered the Final Decree of Divorce in this case. 
The cost of the arbitrator will be paid fifty percent (50%) by Kathleen
M. Rich and fifty percent (50%) by Paul B. Rich.

(Emphasis added.)
          Standard of Review
          We review a trial court’s determination concerning the existence of an
arbitration agreement under an abuse of discretion standard. Southwest Tex.
Pathology Assocs., L.L.P. v. Roosth, 27 S.W.3d 204, 207 (Tex. App.—San Antonio
2000, pet. dism’d w.o.j.). Under this standard, we must uphold the trial court’s
decision unless we conclude that the trial court could reasonably have reached only
one decision. Id. 
 

          Right to Arbitration
          A party seeking to compel arbitration must establish the existence of an
arbitration agreement and show that the dispute falls within the scope of the
agreement. See In re Oakwood Mobile Homes, 987 S.W.2d 571, 573 (Tex. 1999).
Paul challenges both the validity and the scope of the agreement to arbitrate.
          Paul contends that because neither he nor Kathleen signed the divorce decree,
there is no contract to enforce. Paul does not argue that the divorce decree does not
fairly and fully represent the parties’ agreement. He simply relies on this technical
fault. Although the decree is not signed by either party, we cannot agree that there
is no contract. 
          Rule 11 provides, “Unless otherwise provided in these rules, no agreement
between attorneys or parties touching any suit pending will be enforced unless it be
in writing, signed and filed with the papers as part of the record, or unless it be made
in open court and entered of record.” Tex. R. Civ. P. 11 (emphasis added). Thus,
the absence of the parties’ signatures does not vitiate the divorce decree. Rule 11
equates a written divorce agreement with the “open court and entered of record”
portion of the rule. McLendon v. McLendon, 847 S.W.2d 601, 608 (Tex.
App.—Dallas 1993, writ denied). When the court reporter transcribed the decree, this
act memorialized the agreement and gave it the same legal effect as a written
agreement signed by the parties. See id. The language in the divorce decree makes
it clear that it represents the agreement of the parties. As such, it complies with the
spirit and intent of Rule 11. The decree provides in pertinent part:
The Court finds that the parties have entered into a written agreement as
contained in this decree by virtue of having approved this decree as to
both form and substance. To the extent permitted by law, the parties
stipulate the agreement is enforceable as a contract. The Court approves
the agreement of the parties as contained in this Final Decree of
Divorce.
          . . . .
 
This Final Decree of Divorce is stipulated to represent a merger of a
mediation agreement between the parties. To the extent there exist any
differences between the mediation agreement and the Final Decree of
Divorce, this Final Decree of divorce shall control in all instances.

          Because it incorporated the terms of the agreement, the divorce decree here is
a consent judgment; thus it is enforceable both as a contract and as a judgment. 
McGuire v. McGuire, 4 S.W.3d 382, 386 (Tex. App.—Houston 1999, no pet.). We
hold that the divorce decree represents a valid contract between Paul and Kathleen.
          Moreover, Paul’s acceptance of benefits under the decree forecloses his
argument at this juncture. In effect, he ratified the agreement by his conduct.


 See
Dehnert v. Dehnert, 705 S.W.2d 849, 851 (Tex. App.—Beaumont 1986, no writ)
(holding that because husband took advantage of settlement agreement in divorce
proceeding by receiving property, should not be able to renounce); see also K.B. v.
N.B., 811 S.W.2d 634, 638 (Tex. App.—San Antonio 1991, writ denied) (noting that
party’s conduct estopped him from rejecting terms of divorce decree). 
          Relying on In re Valle Redondo, 47 S.W.3d 655, 662 (Tex.—Corpus Christi
2001, orig. proceeding), Paul further asserts that if a claim can be maintained without
reference to the contract, it is not subject to arbitration. We note, however, that if the
facts alleged touch matters, have a significant relationship to, or are factually
intertwined with the contract subject to arbitration, the claim is arbitrable. Id. Paul
contends that the claim he is making can be maintained without reference to the
divorce decree—that to partition the property, all that is necessary is for the trial court
to appoint a receiver. However, the parties’ equal ownership of their former
homestead is a term of the decree that must be referenced, because the homestead
could have been awarded in its entirety to one of the parties. We further note that
Paul petitioned for more than merely the appointment of a receiver—he also sought
payment of various financial obligations allegedly due under the terms of the divorce
decree—and Kathleen’s response to the petition invokes different issues arising from
the decree that also need to be dealt with. Accordingly, we conclude that the facts
alleged here are factually intertwined with the divorce decree and fall within the
scope of the agreement to arbitrate.
CONCLUSION
          We hold that there is a valid, enforceable agreement to arbitrate any disputes
arising from the divorce decree, that this claim is subject to arbitration, and that the
trial court abused its discretion when it denied the motion to compel arbitration. 
          We sustain Kathleen’s point of error. 
          We reverse the trial court’s judgment and remand the cause for arbitration
pursuant to the agreement.
 
 
                                                                        Evelyn V. Keyes
                                                                        Justice


Panel consists of Justices Taft, Keyes, and Higley.