Petition for Writ of Mandamus Conditionally Granted and Opinion filed
March 30, 2005









Petition for Writ of Mandamus Conditionally Granted
and Opinion filed March 30, 2005.    

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01196-CV

____________

 

IN RE PRUDENTIAL SECURITIES,
INCORPORATED, and LISA METZINGER LAMONTE, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

O P I N I O N

Prudential Securities Incorporated and Lisa Metzinger Lamonte
seek mandamus relief from a trial court order denying arbitration of fraud,
breach of fiduciary duty, and negligence claims asserted against them by the
real party in interest, Lynda Johnson. 
Because we conclude the claims are factually intertwined with other
claims that fall within the scope of a valid arbitration agreement under which
Lynda Johnson seeks to recover as assignee, we conditionally grant the relief
requested.

 

 

 








Background

Ned and Lynda Johnson were married from 1994 to 2002.  During the marriage, Ned signed agreements
with Prudential Securities Incorporated for the management of his
investments.  Those agreements contained
the following arbitration clause:

Arbitration is final and binding on the parties.

The parties are waiving their right to seek remedies
in court, including the right to jury trial.

Pre-arbitration discovery is generally more limited
than and different from court proceedings.

The arbitrators= award
is not required to include factual findings or legal reasoning and any party=s right to appeal or to modification of rulings by the
arbitrators is strictly limited.

The panel of arbitrators will typically include a
minority of arbitrators who were or are affiliated with the securities
industry.

The undersigned agrees, and by carrying an account for
the undersigned you agree, all controversies which may arise between us
concerning any transaction or the construction, performance or breach of this
or any other agreement between us, whether entered into prior, on or subsequent
to the date hereof, shall be determined by arbitration.

During the divorce proceeding, Lynda learned Ned was an
aggressive commodities trader and lost over $2,000,000 in commodities trading
over the course of their marriage. 
Following the divorce, Lynda sued Prudential Securities and Lisa
Metzinger Lamonte, Ned=s advisor, alleging Prudential and Lamonte participated with
Ned in a fraud on the community property. 
Lynda alleged causes of action for fraud, breach of fiduciary duty,
negligence, and gross negligence.  








Because Ned=s contract with Prudential contained a broad arbitration
clause, relators filed a motion to compel arbitration in the trial court.  The trial court denied the motion to compel
and relators filed a petition for writ of mandamus in this court alleging the
trial judge abused his discretion in denying the motion to compel.  Lynda responded that her claims were not
subject to arbitration because she had not signed the agreement between Ned and
relators and her claims did not fall within the scope of the arbitration
agreement.  This court denied relators= petition for writ of mandamus.  In re Prudential, 2003 WL 22252121,
No. 14-03-00758-CV (Tex. App.CHouston [14th Dist.] October 2, 2003, orig. proceeding).

After this court=s ruling on relators= petition for writ of mandamus, Lynda
amended her petition adding claims that were Ned=s, which were assigned to her in the
divorce.  Lynda concedes those claims are
subject to arbitration under the agreement with Prudential.  Relators filed a motion to compel arbitration
in the trial court contending the original claims are factually intertwined
with the arbitrable claims; therefore, all Lynda=s claims must be ordered to
arbitration and the trial abated until arbitration is completed.  The trial court denied relators= motion to compel and relators filed
this petition for writ of mandamus.

Standard of Review

To enforce an arbitration agreement, a party must establish
(1) the existence of an agreement to arbitrate, and (2) the claims asserted
fall within the scope of the agreement.  Valero
Energy Corp. v. Teco Pipeline Co., 2 S.W.3d 576, 581 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  The parties agree that the
Federal Arbitration Act (AFAA@) applies to this case and that a valid arbitration agreement
exists between Ned and Prudential and that any claims arising out of that
agreement are subject to arbitration. 
Relators assert that Lynda=s original claims now fall within the
scope of the arbitration agreement because they are factually intertwined with
the arbitrable claims.  We review de novo
the trial court=s decision that the claims in the underlying law suit do not
fall within the scope of the arbitration agreement.  Nationwide of Bryan, Inc. v. Dyer, 969
S.W.2d 518, 520 (Tex. App.CAustin 1998, no pet.).

Original Claims








In her original petition, Lynda asserted Ned engaged in
reckless investment transactions and relators are liable to her for damages
allegedly caused by their failure to supervise Ned in his transactions.  The core of Lynda=s complaint was her allegation that
relators committed fraud on her community property.  Specifically, Lynda asserts (1) relators sold
securities by means of untrue statements of material facts and aided and
abetted Ned in purchases and sales of securities; (2) relators breached their
fiduciary duty owed to her because they failed to exercise good faith and
diligence, which they assumed by accepting custody of Lynda=s community property; and (3)
relators failed to exercise reasonable care in managing her community property.

The Arbitrable Claims

In her second amended petition, Lynda added claims that
originally belonged to Ned, but were assigned to her in the divorce.  Lynda admits these claims arise out of the
contract and are within the scope of the arbitration clause.  These claims include: (1) relators bought and
sold securities to and for Ned and his community estate by means of untrue
statements of material facts, and/or by concealing material facts; (2) relators
breached their fiduciary duties owed to Ned and Lynda by failing to study
investments sufficiently before recommending them to Ned; (3) relators failed
to exercise reasonable care in advising Ned of the true trading costs involved
in activities in the futures account; (4) relators converted the community
property by using or selling the property to pay for thousands of unauthorized
purchases of commodities futures; (5) relators breached their contract with Ned
by failing to comply with the laws and rules applicable to it as a registered
broker-dealer and member of the New York Stock Exchange; and (6) relators
unjustly retained Lynda=s money and property through actual or constructive fraud.

Scope of Arbitration Clause








When a party invokes a right to arbitration under the FAA,
federal law determines whether the dispute is subject to arbitration.  Prudential Securities, Inc. v. Marshall,
909 S.W.2d 896, 899 (Tex. 1995).  Under
the FAA, any doubts as to whether Lynda=s claims fall within the scope of the
agreement must be resolved in favor of arbitration.  Moses H. Cone Memorial Hosp. v. Mercury
Constr. Corp, 460 U.S. 1, 24B25, 103 S.Ct. 927, 941B42, 74 L.Ed.2d 765 (1983).  The policy in favor of enforcing arbitration
agreements is so compelling that a court should not deny arbitration Aunless it can be said with positive
assurance that an arbitration clause is not susceptible of an interpretation
which would cover the dispute at issue.@ 
Neal v. Hardee=s Food Sys., Inc., 918 F.2d 34, 37 (5th Cir. 1990).  Ordinarily, a non-signatory can only be bound
by the terms of an arbitration provision if the non-signatory is asserting
claims requiring reliance on the terms of the written agreement containing the
arbitration provision.  Valero
Pipeline Energy Corp. v. Teco Pipeline Co., 2 S.W.3d at 581.  Here, by asserting claims on Ned=s behalf, Lynda admits she has asserted
claims requiring reliance on the terms of the written agreement.  

In determining whether the original claims fall within the
scope of the arbitration agreement, we focus on the factual allegations of the
complaint, rather than the legal causes of action asserted.  In re Firstmerit Bank, 52 S.W.3d 749,
754 (Tex. 2001).  We consider whether the
facts alleged are intertwined with the contract containing the arbitration
clause.  Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 271 (Tex. 1992).  To be
within the scope of an arbitration provision, the allegations need only be
factually intertwined with arbitrable claims or otherwise touch upon the
subject matter of the agreement containing the arbitration provision.  In re BP America Prod. Co., 97 S.W.3d
366, 370 (Tex. App.CHouston [14th Dist.] 2003, orig. proceeding).  Furthermore, Texas law favors the joint
resolution of multiple claims to prevent multiple determinations of the same
matter.  Anglin, 842 S.W.2d at
271.








Lynda argues that because this court denied mandamus when
only the original claims were asserted, this court=s opinion in the prior mandamus
constitutes the law of the case.  In the
first mandamus proceeding filed by Prudential, this court=s opinion states only that we denied
relator=s petition for writ of mandamus.  In re Prudential, 2003 WL 22252121
(Tex. App.CHouston [14th Dist.] October 2, 2003,
orig. proceeding).  According to Lynda,
our opinion constitutes law of the case that subsequent causes of action will
not be subject to arbitration.  The Alaw of the case@ doctrine mandates that the ruling of
an appellate court on a question of law raised on appeal will be regarded as
the law of the case in all subsequent proceedings unless clearly
erroneous.  Briscoe v. Goodmark Corp.,
102 S.W.3d 714, 716 (Tex. 2003).  It
applies only if the issues of law and fact are substantially the same in the
second proceeding as the first.  See
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986). In this case, this
court denied mandamus without specifying the grounds for denial.   Further and more importantly, Lynda amended
her petition after our ruling adding new claims; therefore, the issues of law
and fact are not substantially the same. 
The law of the case doctrine does not apply to this mandamus proceeding.


Lynda further argues that the court=s holding in Southwest Texas
Pathology Assocs., L.L.P. v. Roosth, 27 S.W.3d 204 (Tex. App.CSan Antonio 2000, pet. dism=d), supports her position that she
cannot be bound by the arbitration agreement. 
In Roosth, the wife alleged her husband=s partners knowingly participated in
a breach of fiduciary duty in entering into partnership amendments that
permitted her husband to be terminated without cause.  Id. at 208.  The wife added the partnership as a third
party in her divorce action against the husband.  The partnership sought enforcement of its
arbitration clause in the agreement signed by the husband.  The court found that because the wife did not
seek to enforce the terms of the partnership amendments, she was not bound by
the arbitration clause.  Id.  

Here, however, by alleging claims as Ned=s assignee, Lynda seeks to enforce
the contract and is subject to the arbitration clause.  Although Lynda=s original claims are grounded in
legal theories distinct from the claims she brings as assignee under the
contract Ned signed, they are factually intertwined and subject to the
arbitration provision of the contract.  See
Anglin, 842 S.W.2d at 271. Lynda=s original claims, therefore, are
arbitrable pursuant to the agreement and should be arbitrated under the FAA.

Conclusion








Mandamus will issue only to correct a clear abuse of
discretion when the abuse cannot be remedied by appeal.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  In this case, the trial
court abused its discretion because it failed to compel arbitration for all of
Lynda=s claims.  A party who is erroneously denied the right
to arbitration has no adequate remedy at law because the fundamental purpose of
arbitrationCto provide a rapid, less expensive
alternative to traditional litigationBwould be defeated.  See Anglin, 842 S.W.2d at 271.  

The writ of mandamus is conditionally granted.  We are confident the trial court will order
Lynda=s claims against relators to
arbitration.  If the trial court fails to
do so, the writ will issue.

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed March 30, 2005.

Panel consists of
Justices Anderson, Hudson, and Frost.