EZ PAWN CORPORATION d/b/a
EZ Pawn and Dennis Terry,
Relators,

v.

The Honorable Fernando MANCIAS,
Judge, Respondent.

No. 96–0391.

Supreme Court of Texas.

Nov. 15, 1996.

F. Witche McCullough, III, Andrew W. Austin, Richard W. Rew, Francine L. Wilkins, Austin, Mike Mills, McAllen, for Relator.

Isreal Ramon, Jr., McAllen, for Respondent.

PER CURIAM.

In this proceeding, Texas EZPawn, L.P. d/b/a EZPawn[1] and Dennis Terry (collectively EZPawn) seek relief from the trial court's order denying arbitration of their dispute with Roel Gonzalez. EZPawn has sought relief by petition for writ of mandamus and by application for writ of error. EZPawn presents the case in this dual posture because the arbitration agreement in question incorporates both the Federal Arbitration Act (the FAA)[2], and the Texas Arbitration Act. The Texas Act provides for interlocutory appeal of an order denying an application to compel arbitration. *See* TEX.CIV. PRAC. & REM.CODE § 171.017. We have held that mandamus relief is available to a party who is improperly denied arbitration under an agreement that incorporates the FAA. *See Capital Income Properties–LXXX v. Blackmon*, 843 S.W.2d 22–23 n. 1 (Tex.1992); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266 (Tex.1992). We conditionally grant EZPawn mandamus relief under the FAA. We deny the application for writ of error by separate order. However, we disapprove of the court of appeals' opinion.

Gonzalez worked for EZPawn from 1990 until April of 1993. During this time, the parties entered into an arbitration agreement as part of a stock option plan for management-level employees at EZPawn. In the agreement, the parties agreed to submit any civil disputes between them, including claims of wrongful discharge and employment discrimination, to arbitration. Like other qualifying employees, Gonzalez could choose whether to participate in the plan. EZPawn counseled Gonzalez and other employees to seek independent legal advice if they had any questions about the plan. Gonzalez signed the agreement and initialed each page. Subsequently, Gonzalez left EZPawn's employ.

Gonzalez sued EZPawn in August 1994 for wrongful discharge and employment discrimination. After EZPawn answered, the trial court issued a docket control order setting the trial for June 1995. Nothing occurred in the case until February 1995 when Gonzalez filed an amended petition. EZPawn sent written discovery to Gonzalez in March 1995, and then noticed his deposition for June 1, 1995. Because of counsels' scheduling conflicts, the parties rescheduled Gonzalez' deposition, and agreed to reset the case for October 1995.

---

**1.** Originally, Plaintiff sued EZ Pawn Corporation d/b/a EZ Pawn. In their answer, Defendants pointed out that the proper company name is Texas EZPawn L.P. d/b/a EZPawn. Thereafter, Gonzalez amended his petition, adding EZPawn, L.P. as a defendant. Nevertheless, the incorrect style of the case has remained. The correct entity is Texas EZPawn, L.P. d/b/a EZPawn.

**2.** *See* 9 U.S.C. § 1 *et seq.*

While preparing to take Gonzalez' deposition in late June 1995, EZPawn discovered the arbitration agreement. The record reveals that EZPawn had archived a part of Gonzalez' employment file, including the arbitration agreement, in a warehouse away from the EZPawn headquarters. When EZPawn found the agreement, it immediately notified Gonzalez' attorney about the arbitration agreement and requested arbitration. EZPawn also advised opposing counsel that Gonzalez did not have to answer outstanding written discovery and offered to cancel Gonzalez' deposition. However, Gonzalez refused to arbitrate. EZPawn then moved to compel arbitration and for abatement. At a hearing on its motion, EZPawn proved up the arbitration agreement and that it was within the FAA's scope. The trial court denied EZPawn's motion. On mandamus and by interlocutory appeal, the court of appeals affirmed the trial court. 921 S.W.2d 320.

In the arbitration agreement, Gonzalez and EZPawn mutually agreed to initiate arbitration of "any cognizable civil claim which may exist against the other . . . no later than 180 days after any cognizable alleged cause of action accrues." Gonzalez asserts that because EZPawn did not demand arbitration until about ten months after Gonzalez filed suit, and more than two years after Gonzalez' claim accrued, EZPawn missed the agreed deadline to request arbitration. Gonzalez also reasons that because EZPawn did not timely request arbitration, it waived its right to insist upon the agreement. EZPawn contends that it did not waive its right to arbitration under the FAA because Gonzalez did not establish waiver as a valid defense to arbitration. We agree with EZPawn.

Gonzalez misconstrues the time limitation in the arbitration agreement. The agreement requires each party to initiate arbitration *of that party's own claims against the other* within 180 days after the claims accrue, it does not require a party to "initiate" arbitration of the other party's claims. Indeed, one party could not "initiate" arbitration of another's claims, or EZPawn would not be trying to compel Gonzalez to initiate arbitration now. EZPawn has no claims against

Gonzalez. Rather, EZPawn argues that Gonzalez was obliged to initiate arbitration of his claims. EZPawn does not argue that Gonzalez has waived his claims altogether by failing to initiate arbitration, only that he must do so now.

■ Gonzalez also argues that EZPawn has waited too long to request arbitration, apart from the 180–day provision in the agreement. The FAA disfavors waiver, and there is a strong presumption against waiver. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 899 (Tex. 1995). This presumption applies in construing agreements to arbitrate whether the issue is "waiver, delay, or a like defense to arbitration." *Moses H. Cone,* 460 U.S. at 25, 103 S.Ct. at 941. Waiver of an arbitration right must be intentional. *See Merrill Lynch v. Eddings,* 838 S.W.2d 874, 879 (Tex. App.—Waco 1992, writ denied). Implying waiver from a party's actions is appropriate only if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right. *Eddings,* 838 S.W.2d at 879. Waiver in cases where litigation has begun will be found only when the party seeking to enforce the agreement substantially invokes the judicial process to the other party's detriment. *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 497 (5th Cir.1986). Consequently, to defeat arbitration here, Gonzalez had to show that EZPawn acted inconsistently with the agreement and that EZPawn's conduct prejudiced him. *See Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 66 (5th Cir.1987); *Marshall,* 909 S.W.2d at 898–99; *but see Spain v. Houston Oilers, Inc.,* 593 S.W.2d 746, 747 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ)(holding three year, eight month lapse between notice of claim and demand for arbitration unreasonable, prejudicial per se and was a waiver).

At the hearing on EZPawn's motion to arbitrate, EZPawn proved up the parties' arbitration agreement and that it applied to Gonzalez' claims. Gonzalez did not dispute its existence. Instead, he argued that EZPawn's delay in demanding arbitration

waived its arbitration right. However, Gonzalez did not show that the delay prejudiced him. After first asserting that Gonzalez did not have to show prejudice at all, Gonzalez' attorney argued that: "[w]e just feel that there is prejudice here being shown by us going through all of the different steps here to get discovery, to answer, to get an agreed order and all that."

■ The record reveals very little activity in the case before EZPawn's arbitration demand. EZPawn answered the suit, participated in a court-ordered telephonic docket control conference, sent Gonzalez interrogatories and request for production, noticed his deposition, and entered into an agreed order resetting the case for a later trial date than originally scheduled. In construing the FAA, courts have held that such activity is not prejudicial. *See, e.g., Williams v. Cigna Fin. Advisors, Inc.,* 56 F.3d 656, 661–62 (5th Cir.1995)(holding no waiver where Cigna sought arbitration as soon as it discovered agreement despite preliminary filings and discovery in suit); *Walker v. J.C. Bradford & Co.,* 938 F.2d 575, 578 (5th Cir.1991)(holding no waiver even though parties engaged in discovery, attended pretrial conference, amended scheduling order three times and moved to transfer case during thirteen-month period before filing motion to compel arbitration); *Tenneco Resins, Inc. v. Davy Int'l, AG,* 770 F.2d 416, 417–20 (5th Cir.1985)(holding defendant did not waive its arbitration right despite filing answer, serving opponent with written discovery and seeking discovery protective order and extension of time to answer discover during eight months before moving to compel arbitration); *General Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.,* 427 F.2d 924, 928–29 (5th Cir.1970)(holding no waiver though parties were aware of arbitration provision and conducted depositions for ten months before making arbitration demand). These cases illustrate that the burden to prove waiver is a heavy one. *Tenneco Resins, Inc.,* 770 F.2d at 420. Delay does not necessarily demonstrate prejudice. *Marshall,* 909 S.W.2d at 898–99; *Home Club, Inc. v. Barlow,* 818 S.W.2d 192, 193 (Tex.App.—San Antonio, orig. proceeding). Here, Gonzalez did not meet his burden to show that he suffered prejudice by EZPawn's delay in demanding arbitration.

The court of appeals held that EZPawn's delay prejudiced Gonzalez because under the agreement, if arbitration is not initiated within 180 days, a party's claims or defenses, including Gonzalez' complaint, may be barred. This analysis is flawed. In its motion to compel arbitration and at the hearing, EZPawn did not urge that Gonzalez waived his claims nor did it seek to bar Gonzalez from seeking recovery through arbitration. In fact, EZPawn has conceded that there is no evidence that Gonzalez waived his claims, and it has cited the equitable tolling provision of the agreement supporting Gonzalez' right to pursue his claims through arbitration.

Gonzalez next asserts that EZPawn cannot enforce the agreement because he never actually read it and therefore, did not understand its effect. Also, he argues that because of the parties' unequal bargaining power, the arbitration agreement violates public policy and therefore, EZPawn cannot enforce it. In a related argument, Gonzalez asserts that the arbitration agreement is unconscionable. These arguments do not persuade us.

■ Gonzalez' failure to read the agreement does not excuse him from arbitration. We presume a party, like Gonzalez, who has the opportunity to read an arbitration agreement and signs it, knows its contents. *See Cantella & Co., Inc. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996); *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962). Gonzalez did not present any evidence of unconscionability in the trial court. Moreover, there is nothing *per se* unconscionable about arbitration agreements. In fact, historically, Texas law favors settling disputes by arbitration. *See L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 351 (Tex.1977). Arbitration agreements, like the one here, offer a permissible choice to traditional litigation that does not favor either party. *See L.H. Lacy Co.,* 559 S.W.2d at 352. Moreover, assuming unequal bargaining power between Gonzalez and EZPawn exists does not establish grounds for defeating an agreement to arbi-

trate under the FAA. *See Gilmer,* 500 U.S. at 33, 111 S.Ct. at 1655–56.

Although Gonzalez did not raise the issue on appeal, the court of appeals held that EZPawn fraudulently induced Gonzalez into signing the arbitration agreement. The court of appeals based its holding on a part of Gonzalez' affidavit alleging that Terry told Gonzalez to sign the agreement so he could participate in the stock option plan, and so he could continue employment with the company. We disagree with the court of appeals.

Gonzalez filed his affidavit as a part of his response to EZPawn's motion to compel arbitration. Before filing his response, Gonzalez entered into a Rule 11 agreement with EZPawn whereby EZPawn agreed to delay the hearing on its motion so long as Gonzalez filed his response at least one week before the hearing. *See* TEX. R.CIV.P. 11. Counsel for both parties signed the agreement and EZPawn filed it with the trial court. Nevertheless, Gonzalez did not file his response until the day before the hearing. At the hearing, EZPawn sought enforcement of the Rule 11 agreement. Accordingly, neither the trial court nor the court of appeals should have considered Gonzalez' affidavit. *See Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex.1995); *see also Tipps,* 842 S.W.2d at 269 (regarding proper summary disposition of motion to compel arbitration). The only competent evidence left in the record is undisputed. This evidence establishes that Terry did not fraudulently induce Gonzalez to sign the agreement. Instead, Terry merely provided Gonzalez the stock option agreement including the arbitration agreement, and told him to return it within a week. Just as he did with other employees, Terry encouraged Gonzalez to seek independent legal advice if he had any questions.

Finally, Gonzalez contends that the Texas Act prevails over the FAA and therefore, his suit, which alleges personal injuries suffered because of his alleged wrongful discharge, is exempt from arbitration. *See* TEX.CIV.PRAC. & REM.CODE § 171.001(c)(personal injury suits exempt from Texas Act except upon counsel's advice and upon written agreement). To support this argument, Gonzalez relies on *American Physicians Serv. Group, Inc. v. Port Lavaca Clinic Assocs.,* 843 S.W.2d 675, 678 (Tex.App.—Corpus Christi 1992, writ denied). Gonzalez misplaces his reliance on *American Physicians.* In *American Physicians,* the court of appeals did hold that "[u]nder the facts", the Texas Act prevailed over the FAA. *American Physicians,* 843 S.W.2d at 678. However, in *American Physicians,* the disputed arbitration agreement did not state which act applied. The arbitration clause in *American Physicians* stated that arbitration would occur "pursuant to the laws of the State of Texas." *American Physicians,* 843 S.W.2d at 676. Under those facts, the court of appeals rejected the defendant's contentions that the FAA applied and construed the phrase "under the laws of the State of Texas" to mean the Texas Act. *American Physicians,* 843 S.W.2d at 678. Here, the agreement references both the Texas Act and the FAA. This is not uncommon. In such cases we have held that the FAA prevails. *See, e.g., Marshall,* 909 S.W.2d at 897–99; *Blackmon,* 843 S.W.2d at 22–23 n. 1; *Tipps,* 842 S.W.2d at 271.

Once EZPawn established a valid arbitration agreement under the FAA, Gonzalez had the burden to defeat it. *See Marshall,* 909 S.W.2d at 898–900. Based on this record, we cannot conclude that Gonzalez met his burden to overcome the strong presumption favoring arbitration under the FAA. Accordingly, the trial court abused its discretion when it denied EZPawn's motion to compel arbitration and abate its proceedings pending arbitration. When a trial court erroneously denies a party the right to arbitration under the FAA, it has no adequate remedy at law. *See Marshall,* 909 S.W.2d at 900.

Therefore, we conditionally grant writ of mandamus and direct the trial court to order Gonzalez' claims against EZPawn to arbitration. *See* TEX.R.APP.P. 122. The clerk is instructed to issue writ of mandamus only if the trial court does not follow our direction.