NATIONWIDE OF BRYAN, INC. d/b/a
Nationwide Housing Systems, Inc.,
Appellant,

v.

Darrell D. DYER and Sherry
Dyer, Appellees.

No. 03–97–00388–CV.

Court of Appeals of Texas,
Austin.

May 7, 1998.

John G. Browning, Rockwall, for appellant.

Michael D. Goains, Humble & Humble, L.L.P., Cameron, for appellees.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

The main issue presented in this appeal is whether an arbitration agreement is valid and enforceable when signed by only one spouse. Darrell and Sherry Dyer, who are husband and wife, sued Nationwide of Bryan, Inc. for breach of contract and express warranties as well as for violations of the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA) based on their purchase of an allegedly defective mobile home claimed as their homestead. Nationwide filed a motion to compel arbitration which was denied by the trial court.[1] In four points of error, appellant challenges the trial court's interlocutory order.[2] We will reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times, appellees Darrell and Sherry Dyer were married. In March 1995, the Dyers bought a 1994 mobile home from appellant Nationwide. The retail installment contract (the "sales contract") contained an arbitration provision in which both the buyer and seller agreed to submit to binding arbitration any controversy arising out of the purchase and repair of the home. Darrell signed the sales contract and the arbitration

---

1. Appellees also sued Silhouette Homes under the same claims. Silhouette then joined the motion to compel arbitration which was denied. Although Silhouette filed a notice of appeal, it was untimely, and this Court overruled Silhouette's motion to include it as a party to this appeal. Accordingly, Silhouette Homes is not a party to this appeal.

2. An appeal may be taken from an order denying an application to compel arbitration. *See* Texas General Arbitration Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 171.002, .017(a)(1) (West 1997).

addendum; Sherry did not sign either agreement.

In early 1996, the Dyers began experiencing problems with the mobile home and made a written demand to Nationwide for relief in July 1996. Nationwide responded to the Dyers, and the parties engaged in discussions over the problems. Appellees sent out two other demand letters in October and December 1996; they acknowledge that Nationwide made some efforts to repair the mobile home during this time. Days before the statute of limitations ran, the Dyers filed suit against appellant for breach of contract, breach of express warranties, and violations of the DTPA. *See* Tex. Bus. & Com.Code Ann. § 17.50 (West 1987 & Supp.1998). Two months later, pursuant to the arbitration agreement, Nationwide requested the appellees to submit to arbitration. After the Dyers refused, Nationwide filed its motion to compel arbitration which the trial court denied. The court did not state any grounds for its order. This appeal followed.

## DISCUSSION

■ In deciding a motion to compel arbitration, the court must look at two issues: (1) is there a valid arbitration agreement; and (2) does the agreement encompass the claim. *Merrill, Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 878 (Tex. App.—Waco 1992, writ denied). In Texas, every reasonable presumption must be decided in favor of arbitration. *See Fridl v. Cook*, 908 S.W.2d 507, 511 (Tex.App.—El Paso 1995, no writ). Once a party to a suit comes forward with a presumptively valid arbitration agreement, the court must order the parties to arbitrate. *Pepe Int'l Dev. Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1996, no writ).

If a party denies the existence of the agreement to arbitrate, the court shall proceed summarily to determine the issue. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.002(a) (West 1997). In this case, all parties concede the arbitration agreement clearly encompasses the Dyers' claim. However, the Dyers claim Sherry's failure to sign the arbitration addendum renders the contract invalid. Alternatively, the Dyers claim Nationwide waived its right to arbitrate.

■ Because no evidence other than the sales contract and arbitration provision in question was introduced at the hearing on the motion to compel, there are no factual questions in dispute. The only issue before us is the trial court's legal interpretation of the arbitration clause; accordingly, we conclude that de novo review is appropriate in this case. *See BDO Seidman v. Miller*, 949 S.W.2d 858, 860 (Tex.App.—Austin 1997, writ dism'd w.o.j.); *Fridl*, 908 S.W.2d at 511.

■ Darrell signed both the sales contract and arbitration addendum; Sherry signed neither. We find the absence of her signature has no legal significance due to her status as a thirdparty beneficiary. Appellees readily concede Sherry's status as a third-party beneficiary from which she derives her standing to sue on the contract and her presence in this appeal. As a third-party beneficiary, Sherry is bound by the terms of the sales contract, including the arbitration agreement. *See Southwest Health Plan, Inc. v. Sparkman*, 921 S.W.2d 355, 358 (Tex. App.—Fort Worth 1996, no writ) (when insurance contract contained arbitration provision, third-party beneficiary to contract was compelled to arbitrate though beneficiary never signed contract); *see also Stonewall Ins. Co. v. Modern Exploration Inc.*, 757 S.W.2d 432, 434-35 (Tex.App.—Dallas 1988, no writ) (third-party beneficiary "steps into shoes" of contracting party and is subject to all provisions of contract). Additionally, because Sherry's claims are so closely connected to and intertwined with her husband's, she is bound to the arbitration as a matter of contract law. *See Fridl*, 908 S.W.2d at 514. While attempting to enforce the terms of the sales contract, Sherry cannot pick and choose which provisions apply; she is bound by all the contract terms. *Id.*

### The Homestead Exemption

■ Notwithstanding Sherry's status as a third-party beneficiary, the Dyers claim that because the mobile home is part of their homestead, the arbitration agreement is invalid absent the signatures of both spouses. Even assuming the mobile home is a part of

their homestead, their argument fails fundamentally. The Texas Constitution provides special protections for the homestead, separate and distinct from those protections given other types of property. Tex. Const. art. XVI, § 50. However, the Constitution specifically allows purchase money, tax, and home improvement liens to be placed on the homestead. *Id.* The signatures of both spouses are required *only* when a home improvement lien is signed on an existing homestead. *Id.* That requirement does not apply here: the arbitration agreement is not part of a home improvement contract. Instead, the contract with Nationwide is a purchase money contract, clearly enforceable without Sherry's signature under the Texas Constitution. Under *Minnehoma Financial Co. v. Ditto,* 566 S.W.2d 354 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.), even if Nationwide sought to enforce the purchase money lien, the contract would not require both spouses' signatures. Thus, the Dyers' first claim fails as a matter of law.

 Additionally, the Dyers claim that the arbitration agreement is an "encumbrance" upon their homestead. Again, assuming the mobile home is part of the couple's homestead, the argument fails. An encumbrance is a right to, or interest in, property; it diminishes the value of the homestead and constitutes a burden on its transfer. *See* Black's Law Dictionary 527 (6th ed.1990). By enforcing the arbitration agreement, Nationwide has gained no right or interest in the mobile home. The provision does not diminish the value of the mobile home, nor does it burden the transfer of title. The arbitration addendum is not an encumbrance. The provision merely provides a procedural avenue to resolve disputes. Accordingly, the Dyers' second claim fails as a matter of law.

We hold the arbitration agreement at issue is valid and enforceable; we sustain appellant's first point of error.

*Waiver*

 The Dyers next assert that Nationwide waived its right to enforce the arbitration agreement. Whether a party has waived its right to arbitrate presents a question of law which we review de novo.

*See Houston Lighting & Power Co. v. City of San Antonio,* 896 S.W.2d 366, 370 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.); *Fridl,* 908 S.W.2d at 511. Texas courts indulge every reasonable presumption in favor of arbitration, *see Fridl,* 908 S.W.2d at 511; waiver is highly disfavored. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 89 (Tex.1996). Any waiver of the right to arbitrate must be intentional, and the party attempting to prove waiver bears a heavy burden. *Id.* at 89–90. When litigation has already begun, waiver will be found only if the party seeking arbitration has substantially invoked the judicial process to the other party's detriment. *Id.* at 89.

At oral argument, appellees alleged that Nationwide substantially invoked the judicial process through various means of delay which forced the Dyers to file suit. This argument is without merit. The Dyers first complained to Nationwide of certain defects in July 1996. Nationwide responded, and the parties engaged in negotiations. Over the next few months, the Dyers complained twice more, and Nationwide made some efforts to repair the home. Unsatisfied, the Dyers brought suit in March 1997. Nationwide made its demand for arbitration within two months after suit was filed.

 The Dyers claim that by engaging in pre-litigation negotiations and efforts to settle, Nationwide delayed its demand for arbitration, resulting in the waiver of Nationwide's right to arbitrate. However, it is well established that parties to a dispute are free to undergo efforts to resolve the complaint. *See Southwest Indus. Import & Export, Inc. v. Wilmod Co.,* 524 F.2d 468, 470 (5th Cir. 1975); *D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist.,* 848 S.W.2d 226, 230 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.). Accordingly, Nationwide was under no obligation to assert its right to arbitration before suit was filed by Dyers. Pre-litigation efforts to negotiate can never be viewed as delay; to hold otherwise would undermine any efforts to resolve a dispute short of trial. Furthermore, invoking arbitration two months after suit is commenced does not

constitute delay as a matter of law. *See D. Wilson Constr. Co.*, 848 S.W.2d at 230.

 Essentially, the Dyers seem to claim that *by forcing them to file suit,* Nationwide has substantially invoked the judicial process. The Dyers misconstrue the nature of waiver. To substantially invoke the judicial process a party must make a specific and deliberate act after suit has been filed that is inconsistent with its right to arbitrate, such as engaging in extensive discovery or requesting a jury.[3] *EZ Pawn,* 934 S.W.2d at 89. There was no such action by Nationwide. The Dyers filed suit and Nationwide answered as required by law. *See id.* at 90 (holding that defendant's answer to petition does not substantially invoke judicial process).

 Furthermore, Texas law is clear that delay alone does not constitute waiver. *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 898 (Tex.1995). At a hearing on a motion to compel arbitration, there must be an independent showing of prejudice to the nonmovant. *Id.* at 899. The Dyers argue that Nationwide's delay in settlement negotiations forced them to file suit days before the statute of limitations, to the Dyers' prejudice. As discussed above, there is no evidence of culpable delay on the part of Nationwide; its right to negotiate was absolute. *See Southwest Indus. Import & Export. Inc.,* 524 F.2d at 470; *D. Wilson Constr. Co.,* 848 S.W.2d at 230. Filing suit to avoid losing the right to sue does not demonstrate prejudice. Accordingly, the Dyers suffered no prejudice by Nationwide's actions.

Appellant did not waive its right to arbitrate; we sustain Nationwide's second point of error. Having found a valid and enforceable arbitration agreement that encompasses the claims at issue, we hold the trial court should have granted the motion to compel arbitration. *See Pepe Int'l Dev. Co.,* 915 S.W.2d at 929; *Eddings,* 838 S.W.2d at 878. We need not reach appellant's remaining points of error.

---

**3.** We note here that Silhouette Homes requested a jury trial after the Dyers filed suit. At that time, Nationwide was a co-defendant. Because Silhouette is not a party to this appeal and the

## CONCLUSION

We reverse and remand to the trial court with instructions to grant appellant's motion to compel arbitration.

Dyers concede that Silhouette's jury demand is not at issue, we conclude Silhouette's actions do not affect our determination.