DALTON CONTRACTORS,
INC., Appellant,

v.

BRYAN AUTUMN WOODS, LTD.;
A.V. "Buddy" McGraw; and Bill
F. McGraw, Appellees.

No. 01–01–00599–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 1, 2001.

D. Lee Alford, Payne, Watson, Kling, Miller & Malechek, P.C., Bryan, Joseph J. Mastrogiovanni Schorsch & Mersky, P.C., Dallas, for Appellant.

Stephen Ray Smith, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and JENNINGS.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

This is an accelerated appeal from an order denying application to compel arbitration. Appellant contends the trial judge erred by refusing to compel arbitration and stay the trial court proceedings. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.098(a)(1) & 171.025 (Vernon Supp. 2001). We reverse and remand.

## Background

On February 3, 1999, appellant, Dalton Contractors, Inc. (the "Contractor") and appellees, Bryant Autumn Woods, Ltd., A.V. "Buddy" McGraw and Bill F. McGraw (collectively, the "Buyer") entered into a contract relating to the construction of an apartment complex. A payment dispute arose between the parties, and the Contractor filed a lien on the property. The Buyer filed suit seeking: (1) a declaratory judgment that it owed the Contractor nothing further under the contract; (2) damages for breach of contract; and (3) removal of the Contractor's lien. The Contractor filed an application to compel arbitration and a plea in abatement. The trial court denied the Contractor's application to compel arbitration and then granted the Buyer's motion to remove the lien.[1] This interlocutory appeal followed.

## Application to Compel Arbitration

In its sole point of error, the Contractor contends the trial court erred by denying its motion to compel arbitration. As a corollary, it contends the trial court erred by refusing to stay the trial court proceedings and by subsequently entering the order declaring the lien invalid. The Buyer counters that we have no jurisdiction in this case because an interlocutory appeal cannot be used to challenge a trial court's order declaring a lien invalid.

### Standard of Review

 Because a legal issue is involved, rather than a question of fact, we conclude that de novo review is appropriate. *See Certain Underwriters at Lloyd's of London v. Celebrity, Inc.,* 950 S.W.2d 375, 377 (Tex.App.—Tyler 1996), writ dism'd w.o.j.,

1. *See* TEX. PROP.CODE ANN. § 53.160(a) (Vernon Supp.2001) (providing mechanism to sum-marily remove invalid lien).

988 S.W.2d 731 (Tex.1998); *Fridl v. Cook,* 908 S.W.2d 507, 511 (Tex.App.—El Paso 1995, writ dism'd w.o.j.). De novo review is appropriate when the legal interpretation of the arbitration clause, and no fact issue, is before the court. *See Nationwide Of Bryan, Inc. v. Dyer,* 969 S.W.2d 518, 520 (Tex.App.—Austin 1998, no pet.); *Certain Underwriters at Lloyd's of London,* 950 S.W.2d at 377; *Texas Private Employment Ass'n v. Lyn-Jay Int'l, Inc.,* 888 S.W.2d 529, 531 (Tex.App.—Houston [1st Dist.] 1994, no writ). In applying this standard, we are mindful that Texas public policy favors arbitration, and every reasonable presumption must be decided in favor of arbitration. *See Nationwide of Bryan,* 969 S.W.2d at 520; *see also Pepe Int'l Dev. Co. v. Pub Brewing Co.,* 915 S.W.2d 925, 930 (Tex.App.—Houston [1st Dist] 1996, no writ).

■ In determining whether to compel arbitration, the court must decide two issues: (1) whether a valid, enforceable arbitration agreement exists, and, if so, (2) whether the claims asserted fall within the scope of the agreement. *See Dallas Cardiology Assocs., P.A. v. Mallick,* 978 S.W.2d 209, 212 (Tex.App.—Texarkana 1998, pet. denied); *Nationwide of Bryan,* 969 S.W.2d at 520. The Court has no discretion but to compel arbitration if the answer to both questions is affirmative. *See Dallas Cardiology Assocs., P.A.,* 978 S.W.2d at 212; *Merrill Lynch, Pierce, Fenner & Smith v. Eddings,* 838 S.W.2d 874, 878 (Tex.App.—Waco 1992, writ denied). Accordingly, we must decide whether both prongs have been met in this case.

### Was there an Agreement to Arbitrate?

The contract between the Buyer and the Contractor provided:

> *Any controversy or Claim arising out of or related to the Contract* or the breach thereof, shall be settled by Arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or claims relating to aesthetic effect and except to those waived as provided for in Subparagraph 4.3.5. (emphasis added).

There is no claim by either party that this clause is invalid. Instead, the issue is whether arbitration is an appropriate mechanism for addressing the validity of the lien filed by the Contractor. Thus, we turn to the second prong of the test for compelling arbitration.

### Did the Claims Asserted Fall Within the Scope of the Arbitration Agreement?

■ The Buyer argues that article 53.160(e) [2] of the property code provides a mechanism for determining the validity of a lien, and that the Contractor could have maintained its lien by filing a bond pursuant to section 53.161.[3] Thus, the Buyer contends that the issue of the validity of the lien should be resolved pursuant to

---

**2.** Section 53.160(e) provides:

The court shall promptly determine a motion to remove a claim or lien under this section. If the court determines that the movant is not entitled to remove the lien, the court shall enter an order denying the motion. If the court determines that the movant is entitled to remove the lien, the court shall enter an order removing the lien claimed in the lien affidavit. A party to the proceeding may not file an interlocutory appeal from the court's order.
TEX. PROP.CODE ANN. § 53.160(e) (Vernon Supp.2001).

**3.** Section 53.161 provides that a lienholder may stay an order removing a lien by filing a bond or deposit in lieu thereof. *See* TEX. PROP. CODE ANN. § 53.161 (Vernon Supp.2001).

these provisions, rather than by arbitration. We disagree.

■ While the property code provides a mechanism for determining the validity of a lien, there is nothing to indicate that the issue may not also be resolved by an arbitrator, if the parties have agreed to arbitration. In *Hearthshire Braeswood Plaza, Ltd. v. Bill Kelly Co.,* the court held that even though the property code provides that only a judgment of a court can foreclose a lien, *see* TEX. PROP.CODE § 53.154 (Vernon 1995), arbitration was available on the underlying breach of contract dispute, and that foreclosure on the lien should be stayed pending the arbitration. 849 S.W.2d 380, 390–91 (Tex.App.—Houston [14th Dist.] 1993, writ denied). *Hearthshire* is a clear indication that arbitration is an appropriate mechanism for resolving the validity of liens, despite the existence of other avenues of legal recourse. As in *Hearthshire*, a resolution of the underlying contractual dispute may resolve the lien issue. Thus, we believe that the trial court should have taken no action on the lien, either to dissolve it or foreclose it, until after the arbitration.

The Buyer also argues that this Court lacks jurisdiction to consider the validity of the lien because section 53.160(3) specifically states, "A party to the proceeding may not file an interlocutory appeal from the court's order [dissolving a lien]." We, however, do not address the merits of the lien. We address only the issue of whether the trial court should have stayed the trial court proceedings pending litigation. We clearly have the jurisdiction to consider this matter. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.098(a)(1) & 171.025.

■ The arbitration clause of the contract provides in part, "Any controversy of Claim arising out of or related to the Contract, on the breach thereof, shall be settled by arbitration. . . ." The contract further defines a "Claim" as follows:

> A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract.

In this case, the dispute over the validity of the lien is clearly a dispute arising out of or relating to the contract. As such, it is a claim subject to arbitration under the contract. The Buyer has provided no contrary authority.

Because both prongs of the test for compelling arbitration have been met, we hold that the trial court erred by denying the application to compel arbitration and refusing to stay the litigation pending arbitration. Because the trial court erroneously refused to stay the litigation, all action taken by the trial court after denying arbitration is voided.[4]

Accordingly, we reverse the trial court's order denying the Contractor's application to compel arbitration and remand with instructions for the trial court to enter an order compelling arbitration.

■

---

4. It should be noted that we are not ruling on the merits of the trial court's order removing the lien. Instead, we are holding that the trial court should not have entertained the motion to remove the lien, but should have referred the matter to arbitration. Because we have jurisdiction to consider the denial of the motion to compel arbitration, we overrule the Buyer's motion to partially dismiss the appeal.