Opinion issued July 10, 2003     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01318-CV




IN RE MACGREGOR (FIN) OY, Relator




Original Proceeding on Petition for Writ of Mandamus




*************

NO. 01-02-01246-CV

 

MACGREGOR (FIN) OY, Appellant

V.

KELLOGG, BROWN & ROOT, INC. AND GULF COAST HOLDINGS,
INC. D/B/A UNIDYNAMICS, Appellees




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2002-47663




O P I N I O N
          In this consolidated mandamus proceeding and interlocutory appeal, relator
MacGregor (FIN) Oy has filed a petition for writ of mandamus complaining of the
trial court’s order denying its motion to abate the suit brought against it by Kellogg,
Brown & Root, Inc. (KBR) or, in the alternative, to compel KBR to join the
arbitration currently in progress between MacGregor and Gulf Coast Holdings, Inc.
d/b/a Unidynamics. The parties disagree not only as to whether KBR should be
compelled to arbitrate, but also as to whether the Federal Arbitration Act


 (FAA) or
the Texas General Arbitration Act


 (Texas Act) applies. We hold that the FAA
applies; therefore, we conditionally grant the petition for writ of mandamus and
dismiss the interlocutory appeal as moot. 
FACTUAL AND PROCEDURAL BACKGROUND
          In August 2000, MacGregor contracted with Ingalls Shipbuilding to build
elevator trunks (shafts) to be used in a cruise ship. MacGregor subcontracted part of
the job to Unidynamics, who agreed to fabricate the trunks and to release them to
MacGregor upon completion of the work. The contract between MacGregor and
Unidynamics included the following provisions in regard to arbitration:
Any disputes arising from the interpretation or application of this
contract including any documents pertaining thereto, shall be settled by
arbitration in accordance with General Condition (ECE 188 (Appendix
10)).

          . . . .
 
                    Any dispute arising out of the Contract shall be finally
settled, in accordance with the Rules of Conciliation and
Arbitration of the International Chamber of Commerce
[“ICC”], by one or more arbitrators designated in
conformity with these rules.

In June 2001, Unidynamics and KBR entered into a sub-subcontract in which KBR
agreed to perform labor and fabrication services as part of building the elevator
trunks. This contract between Unidynamics and KBR did not contain an agreement
to arbitrate.
          Unidynamics made partial payments as the work proceeded, but did not pay
KBR in full for the work it performed. After the ship buyer declared bankruptcy in
November 2001, Ingalls directed MacGregor and Unidynamics to cease all work and
to store any work in progress. Unidynamics, in turn, conveyed these instructions to
KBR. KBR stored the trunks in its warehouse and sent Unidynamics an invoice for
the storage costs.
          A dispute arose between MacGregor and Unidynamics regarding payment of
these storage costs and KBR’s refusal to release the trunks. In May 2002, MacGregor
filed a request for arbitration with the ICC in which it (1) sought damages because
Unidynamics breached the contract when it did not release the finished trunks to
MacGregor, and (2) sought a determination regarding its proportionate responsibility
for the storage costs KBR had charged Unidynamics. Two months later,
Unidynamics filed an answer and asserted counter-claims to be determined in the
arbitration.
          While the arbitration was progressing in Paris, France, both MacGregor and
Unidynamics demanded that KBR release the trunks. In September 2003, KBR sued
MacGregor and Unidynamics in Harris County, seeking a declaratory judgment
regarding which party had title to the trunks. In its petition, KBR asserted a claim for
breach of contract, and both a warehouseman’s


 and a constitutional lien


 against the
goods. In response, MacGregor filed an application for a temporary restraining order,
a temporary injunction, and a permanent injunction directing KBR to release the
trunks. MacGregor, Unidynamics, and KBR negotiated an agreement, which the trial
court entered. MacGregor agreed to post a $1,000,000 bond and promised to pay this
amount on demand when the demand was accompanied by proof of a final judgment
adjudicating the validity and amount (if any) of KBR’s liens, and KBR agreed to
release the trunks. MacGregor then sought to abate the judicial proceedings pending
the outcome of the arbitration between MacGregor and Unidynamics, or, in the
alternative, to compel KBR to join the arbitration in Paris to settle KBR’s claims. 
The trial court denied the motion. Pursuant to this Court’s order of January 9, 2003,
the trial court has stayed all proceedings pending our disposition of this consolidated
interlocutory appeal and petition for writ of mandamus.
DISCUSSION
          Applicable Arbitration Law
          The contractual arbitration clause in this case does not specifically invoke
either the FAA or the Texas Act, and the trial court made no ruling on which Act
applies. As a threshold matter, therefore, we must determine which Act applies here.
          The Texas Act and the FAA provide alternative procedural vehicles for relief. 
In re Educ. Mgmt. Corp., Inc., 14 S.W.3d 418, 425 (Tex. App.—Houston [14th Dist.]
2000, orig. proceeding). If the trial court’s denial of arbitration is based on the Texas
Act, the order is subject to interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann.
§ 171.098(a). Relief from a denial of arbitration under the FAA must be pursued by
mandamus.


 EZ Pawn v. Mancias, 934 S.W.2d 87, 91 (Tex. 1996). 
          The FAA governs a written arbitration clause in any contract “evidencing a
transaction involving commerce . . . .” See 9 U.S.C.A. § 2. This provision extends
to all transactions affecting commerce and is coextensive with the reach of the
Commerce Clause of the United States Constitution. Allied-Bruce Terminix Co. v.
Dobson, 513 U.S. 265, 277, 115 S. Ct. 834, 838-44 (1995); see In re L & L
Kempwood Assocs., 9 S.W.3d 125, 127 (Tex. 1999). A contract “evidenc[es] a
transaction involving commerce” if it in fact turns out to involve interstate commerce. 
 Allied-Bruce, 513 U.S. at 277-81, 115 S. Ct. at 841-43.
          The FAA displaces state law only to the extent the state law is in conflict with
the FAA’s purpose of enforcing the parties’ contractual obligation to arbitrate. Volt
Info. Sciences, Inc. v. Bd. of Trustees, 489 U.S. 468, 477-78, 109 S. Ct. 1248, 1259
(1989); In re H.E. Butt Grocery Co., 17 S.W.3d 360, 378 (Tex. App.—Houston [14th
Dist.] 2000, orig. proceeding). Thus, if the arbitration clause is enforceable under the
FAA, an analysis of enforceability under the Texas Act is unnecessary. See In re
Anaheim Angels Baseball Club, Inc., 993 S.W.2d 875, 877 n. 1 (Tex. App.—El Paso
1999, orig. proceeding [leave denied]).
          Here, because MacGregor is a Finnish company, Unidynamics is a Texas
corporation, and the elevator trunks were intended for delivery in Mississippi, the
contract involves interstate commerce. Thus, we hold that the arbitration clause in
the contract is governed by the FAA and that mandamus is the proper remedy. 
Although the FAA applies, so that mandamus is the applicable remedy, this does not
mean that we apply federal law to analyze the procedural and substantive issues. 
Rather, we apply state law. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 268-69
(Tex. 1992).
          Standards of Review
          A party denied the right to arbitrate under the FAA by a state court has no
adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse
of discretion. L & L Kempwood, 9 S.W.3d at 128. Under the abuse of discretion
standard, we must uphold the trial court’s decision unless we conclude that the trial
court could reasonably have reached only one decision. Southwest Tex. Pathology
Assocs., L.L.P. v. Roosth, 27 S.W.3d 204, 207 (Tex. App.—San Antonio 2000, pet.
dism’d w.o.j.).
          Because federal law strongly favors arbitration, a presumption exists in favor
of agreements to arbitrate under the FAA. See Cantella & Co., Inc. v. Goodwin, 924
S.W.2d 943, 944 (Tex. 1996). However, a party seeking to compel arbitration must
first establish its right to arbitrate under the FAA. Ikon Office Solutions, Inc. v.
Eifert, 2 S.W.3d 688, 696 (Tex. App.—Houston [14th Dist.] 1999, no pet.). If it does,
and the opposing party does not defeat that right, the trial court is obliged to compel
arbitration. EZ Pawn Corp., 934 S.W.2d at 91. 
          A party seeking to compel arbitration must (1) establish the existence of an
arbitration agreement and (2) show that the dispute falls within the scope of the
agreement. See In re Oakwood Mobile Homes, 987 S.W.2d 571, 573 (Tex. 1999)
(orig. proceeding); Dalton Contractors, Inc. v. Bryan Autumn Woods, Ltd. 60 S.W.3d
351, 353 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Because of the presumption
favoring arbitration, courts must resolve any doubts about an arbitration agreement’s
scope in favor of arbitration. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex.
2001) (orig. proceeding). If the arbitration agreement encompasses the claims, the
trial court has no discretion but to compel arbitration and stay its own proceedings. 
Id. at 753-54. Whether the parties’ agreement imposes a duty to arbitrate is a
question of law for the court to decide based on a de novo review. See Oakwood
Mobile Homes, 987 S.W.2d at 574; Dalton, 60 S.W.2d at 353.
          Scope of Arbitration Agreement
          The contractual arbitration clause here clearly applies to any disputes between
MacGregor and Unidynamics. Because Unidynamic’s cross-claims, asserted in
response to KBR’s suit, are virtually identical to the counter-claims it asserted in the
arbitration proceeding between it and MacGregor, we hold that these claims are
subject to arbitration. The question before us, then, is whether KBR may be
compelled to join the arbitration.
          Texas law does not favor a multiplicity of claims and suits, in part to prevent
multiple determinations of the same matter. Jack B. Anglin Co., 842 S.W.2d at 271. 
Arbitration provides a speedy and inexpensive alternative to litigation. Id. There are
several theories of law and equity that provide a basis for compelling non-signatories
to a contract that contains an arbitration clause to arbitrate their claims, including (1)
incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing alter ego;
and (5) estoppel. Thomson-CF, S.A. v. American Arbitration Ass’n, 64 F.3d 773, 776
(2d Cir. 1995).
          KBR acknowledges that a non-signatory to a contract may be bound by the
terms of an arbitration provision of an agreement if the non-signatory asserts claims
that require reliance on the terms of that agreement. Southwest Tex. Pathology, 27
S.W.3d at 207. However, KBR imports into this requirement an additional factor that
it claims must also be present—“the status of the non-signatory vis-a-vis the signatory
to the contract”—that is not explicitly set out in any authority on which it relies. 
Although it is true that, in the cases upon which KBR relies, the non-signatory is a
spouse, donee, assignee, or third-party beneficiary, that is simply the position the
litigants in these cases happen to occupy. None of courts in these cases has held that
a non-signatory must specifically belong to one of these categories to be subject to
the arbitration agreement, and we can find no authority to support the argument that
we must examine the relationship between the contract principals and the
nonsignatory, in addition to examining the nature of the claims asserted. Moreover,
we consider a non-signatory subcontractor’s relationship to the principal contract
signatories to be a relationship that is equivalent to the status of a donee, assignee, or
third-party beneficiary, sufficient to subject the nonsignatory to an arbitration clause
in an agreement between the signatories. 
          We agree with MacGregor’s argument that it is the actions of a non-signatory,
not its relationship to the signatories, that is dispositive on the issue of arbitration. 
A nonsignatory litigant who sues based on a contract that includes an arbitration
agreement binds himself to the terms of the contract, including the agreement to
arbitrate disputes. In re FirstMerit Bank, 52 S.W.3d at 755-56; Nationwide of Bryan,
Inc. v. Dyer, 969 S.W.2d 518, 520 (Tex. App.—Austin 1998, no pet.). Moreover, to
determine whether a claim falls within the scope of an arbitration agreement, this
Court looks at the terms of the agreement and the factual allegations in the petition. 
Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d 494, 498 (Tex. App.—San Antonio 2000,
orig. proceeding). If the facts alleged in the petition “touch matters” addressed in the
contract, have a “significant relationship” to the contract, or are “factually
intertwined” with the contract, the claim is arbitrable. Id. In its petition, KBR
acknowledged that it entered into a contract with Unidynamics to “perform labor and
fabrication services necessary for the fabrication of the elevator trunks made the
subject of the contract between MACGREGOR (FIN) and UNIDYNAMICS.”
          We cannot agree that KBR’s causes of action are wholly independent of the
contract between MacGregor and Unidynamics. In addition to asserting causes of
action against Unidynamics for breach of contract and quantum meruit, KBR sought
a declaratory judgment as to who possessed the ownership rights, title, and interest
in the elevator trunks KBR was storing at its fabrication yard: KBR, Unidynamics,
or MacGregor. That KBR was asserting liens against the trunks is not a bar to
arbitration. Arbitration is “an appropriate mechanism” for resolving the validity of
liens, “despite the existence of other avenues of legal recourse.” Dalton, 60 S.W.3d
at 354. In part, this is because resolution of the underlying dispute could resolve the
lien issue as well. Id.
          We conclude that, by bringing suit against MacGregor and seeking a
declaration of ownership, KBR’s claim arose out of or touched on matters covered
by the contract between MacGregor and Unidynamics and was inextricably
intertwined with the contract dispute between MacGregor and Unidynamics currently
being arbitrated. In its contract with MacGregor, Unidynamics promised to release
the finished trunks to MacGregor upon their completion. In its contract with
Unidynamics, KBR agreed to timely deliver the materials and fabrication. When
KBR refused to deliver the trunks to Unidynamics for nonpayment of storage costs,
Unidynamics was unable to release them to MacGregor. At the heart of both suits is
the question of payment for storage costs and possession of the finished trunks. 
Therefore, we conclude that KBR’s claim is subject to arbitration and that the trial
court erred when it refused to compel KBR to join the arbitration.
          Waiver
          KBR and Unidynamics also argue that MacGregor has waived its right to
arbitration by substantially invoking the judicial process when (1) it sought a
permanent injunction against KBR and (2) it entered into an Agreed Order in which
it posted a $1,000,000 bond for the release of KBR’s liens against the trunks. 
          Request for Permanent Injunction
          If a party substantially invokes the judicial process to the opposing party’s
detriment, a court will find that the party has intentionally waived its right to enforce
arbitration. EZ Pawn, 934 S.W.2d at 89. Here, MacGregor did not invoke the
judicial process; KBR did. Filing pre-trial actions will not establish waiver when a
party is responding to a suit, not initiating one. See id. (and cases cited therein). 
Moreover, MacGregor had already initiated arbitration before the suit was filed. We
simply cannot agree that a party who has already initiated arbitration waives its right
to continue that arbitration by responding to a suit and seeking interim relief. The
ICC clearly contemplates that a party may need to seek interim relief from a court and
authorizes such actions in appropriate circumstances. 1998 ICC R. Arbitration art.
23(2). Unidynamics’ contention that a permanent injunction is available only after
a trial on the merits misstates the holding in Citizens State Bank v. Caney Investments.
 Rather, Citizens State Bank stands for the proposition that a party to a hearing on a
permanent injunction is entitled to a jury trial if he desires one. 746 S.W.2d 477, 478
(Tex. 1988). We hold that MacGregor’s application for a permanent injunction was
not inconsistent with its right to arbitration.
          Agreed Order
          MacGregor agreed to post a $1,000,000 bond and promised to pay this amount
on demand when the demand was accompanied by proof of a final judgment
adjudicating the validity and amount (if any) of KBR’s liens. In return, KBR agreed
to release the trunks. 
          KBR and Unidynamics argue that a “final judgment” “adjudicating” the dispute
can only mean adjudication in a court of law. We disagree. It has long been the law
in Texas that an award of arbitrators upon matters submitted to them is given the
same effect as the judgment of a court of last resort. CVN Group, Inc. v. Delgado,
95 S.W.3d 234, 238 (Tex. 2002); City of San Antonio v. McKenzie Constr. Co., 150
S.W.2d 989, 996 (Tex. 1941). Moreover, Texas courts have the power to enforce
such awards. Tex. Civ. Prac. & Rem. Code Ann. § 171.092(a) (Vernon Supp.
2003). Thus, a “final adjudication” would encompass an arbitrator’s determination.
          KBR further argues that MacGregor is estopped from challenging the order on
appeal after it has accepted the benefits of the bargain it struck. Again, we cannot
agree. By posting the bond, MacGregor has merely replaced the liens as a means by
which KBR can recover if it is ultimately successful on the merits. That is the
bargain it struck—to post the bond in exchange for release of the liens. It is not a
repudiation of the order. We hold that MacGregor did not waive arbitration by
signing the agreed order and posting the bond.
CONCLUSION
          We hold that the trial court abused its discretion in denying MacGregor’s
motion to compel arbitration. We conditionally grant mandamus relief under the
FAA without addressing the merits of the interlocutory appeal pursuant to the Texas
Act. We dismiss that appeal as moot. We dismiss all pending motions as moot.
          The trial court is ordered to vacate its order denying MacGregor’s plea in
abatement and motion to compel arbitration, to issue an order compelling KBR to
arbitrate all claims, and to stay all proceedings pending arbitration. Only if the trial
court fails to comply with these directions shall we instruct the clerk to issue the writ.
 
 
Evelyn V. Keyes
                                                                                  Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.