Relator=s Motion for Rehearing Granted, Opinion of October 16, 2003,
Withdrawn, Relief Denied and Memorandum Opinion on Rehearing issued April 8,
2004









Relator=s
Motion for Rehearing Granted, Opinion of October 16, 2003, Withdrawn, Relief
Denied and Memorandum Opinion on Rehearing issued April 8, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01056-CV

____________

 

IN RE KEITH and MARY COHN

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 03-22133

 



 

M E M O R A N D U M   O P I N I O N   O N   R E H E A R I N G 

On October 16, 2003, this Court
issued an opinion denying Relators= request
for mandamus relief ordering the trial judge to rescind its order requiring the
parties to arbitrate the underlying lawsuit. 
On rehearing, Relators have asked us to state our reasons for denying
the petition for writ of mandamus.  We
grant the motion and state below our reasons for denying the relief requested.








Relators asked for mandamus
relief, claiming that their suit against the defendant, Casa Investments, Inc.
D/b/a/ Casa Builders, should not be ordered to arbitration.  They claim Casa waived its right to
arbitration because Casa brought an earlier suit against relators for slander
and injunctive relief without asking that the claims be arbitrated.  This first suit was dismissed for want of
prosecution after the trial court denied the injunctive relief Casa requested.[1]

We have denied relator=s request
for mandamus relief for several reasons. 
First, the arbitration clause is broad and this litigation clearly falls
under its scope.  See, Menna v.
Romero, 48 S.W.3d 247, 250 (Tex. App. B San
Antonio 2001, pet dism=d
w.o.j.). Second, as we explain briefly below, relators have not shown that Casa
has waived its right to rely on the arbitration clause.

Courts apply a two prong test to
determine if a party has waived its right to compel arbitration: A(1) did
the party seeking arbitration substantially invoke the judicial process; and
(2) did the opposing party prove that it suffered prejudice as a result?@  Id. at 251 (citing Prudential
Securities, Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995).  Whether a party has waived its right to
arbitration is a question of law.  In
re Bruce Terminix, 988 S.W.2d 702, 704 (Tex. 1998).  A strong presumption against waiver exists.  Id. 
Furthermore, waiver must  be
intentional.  EZ Pawn Corp. V. Mancias,
934 S.W.2d 87, 89 (Tex. 1996).  Implying
waiver from a party=s actions
is appropriate only if the facts demonstrate that the party seeking to enforce
arbitration intended to waive its arbitration right.  Id. 
Thus, the party seeking to prove waiver bears a Aheavy
burden of proof,@ and any
doubts regarding waiver must be resolved in favor of arbitration.  In re Bruce Terminix, 988 S.W.2d at
705.

We conclude that Relators have
met neither prong of the test.  We are
not convinced by Relators= argument
or case law on prong one of the test, and, Relators do not even attempt to
argue that they have met prong two of the test, i.e. that they were prejudiced
because of the earlier suit.

 








For these reasons, we deny the
mandamus relief requested.

 

/s/        Wanda McKee Fowler

Justice

 

Petition denied
and Memorandum Opinion filed April 8, 2004.

Panel consists of Justices Yates, Hudson, and Fowler.

 











[1]  In this first
suit, Casa asked that the relators be ordered to remove signs and banners from
their home and cars which Casa claimed contained slanderous statements about
it.