IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0651

════════════

 

In re Delmar “Bo” McKinney
and Edward D. Jones & Co., L.P.

d/b/a Edward Jones

 

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Tenth District of
Texas

════════════════════════════════════════════════════

 

 

PER CURIAM

 

Delmar
“Bo” McKinney and Edward D. Jones & Co., L.P. d/b/a Edward Jones
(collectively “Edward Jones”) seek mandamus relief after the trial court denied
their motion to compel arbitration. Because the
Federal Arbitration Act requires the trial court to compel arbitration in this
case, we conditionally grant their petition and order the trial court to compel
arbitration in accordance with the parties’ agreement. 

As
a young child, Keith Rohlack received a cash
settlement following the death of his father. The money was invested and held
in a custodial account with Edward Jones. After turning eighteen, Rohlack retitled his customer
account with Edward Jones from a custodial account to one in his own name. At
that time, he signed a seven-page contract, entitled “Customer Account
Agreements for Full Service and Customer Loan Accounts,” which authorized
Edward Jones to act as Rohlack’s broker and to
provide Rohlack with margin loans. On the last page
above Rohlack’s signature, the agreement disclosed
that it incorporated “a pre-dispute arbitration clause,” referencing the pages
on which it could be found. At those pages, the agreement provided:

 

ARBITRATION:

 

1. Arbitration
is final and binding on all parties.

 

2. The parties are
waiving their right to seek remedies in court, including the right to jury
trial.

 

3. Pre-arbitration
discovery is generally more limited than and different from court proceedings.

 

4. The arbitrators’
award is not required to include factual findings or legal reasoning and any
party’s right to appeal or to seek modification of rulings by the arbitrators
is strictly limited.

 

5. The panel of
arbitrators will typically include a minority of arbitrators who were or are
affiliated with the securities industry.

 

The signature
page also acknowledged that Rohlack had “received a
copy of this document.”

Over
the next three years, Rohlack used the money for his
college and living expenses. During this same period, Rohlack’s
customer account suffered substantial losses from investments in technology
stocks on margin. Because of these losses, Rohlack
sued Edward Jones, alleging breach of contract, fraud, breach of fiduciary
duty, and other claims for mishandling and loss of investments in his customer
account. In response, Edward Jones filed a plea in abatement and motion to
compel arbitration, urging the court to apply the Federal Arbitration Act
(FAA), 9 U.S.C. §§ 1-16, to the agreement. 

The
trial court, however, denied the motion to compel arbitration, concluding that Rohlack had not agreed to arbitrate despite his signature
on the agreement. The court’s order was signed after an evidentiary hearing
wherein Rohlack testified that he had not agreed to
arbitrate and had signed the document intending only to change the account name
and open a margin account. Edward Jones thereupon sought mandamus relief in the
court of appeals which a divided court denied by memorandum opinion. The court
of appeals concluded that it could not intervene because whether Rohlack had agreed to arbitrate was a disputed fact issue
beyond the scope of mandamus relief.

Absent
fraud, misrepresentation, or deceit, a party is bound by the terms of the
contract he signed, regardless of whether he read it or thought it had
different terms. EZ Pawn Corp. v. Mancias, 934
S.W.2d 87, 90 (Tex. 1996); see also N&D Fashions, Inc. v. DHJ Indus.,
Inc., 548 F.2d 722, 727 (8th Cir. 1976). Therefore, Rohlack’s
contention that he did not understand his signature’s significance does not
negate his acceptance of the contract terms. Moreover, when parties enter into
an agreement based on a writing that is not ambiguous, the court will give
effect to the parties’ intention as expressed in the writing. Sun Oil Co. v. Madeley, 626 S.W.2d 726, 731 (Tex. 1981).
Here, the agreement that Rohlack signed recited: “THIS
IS A BINDING CONTRACT. I HAVE READ IT CAREFULLY BEFORE SIGNING.” It further
alerted him on the signature page that it incorporated an agreement to
arbitrate and explained elsewhere in the agreement what that meant. Considering
these undisputed facts, the only decision that the trial court could have
reasonably reached was that Rohlack, by signing the
agreement, had consented to arbitrate future disputes. See Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (“clear failure by the trial
court to analyze or apply the law correctly will constitute an abuse of
discretion”). 

The
trial court erroneously denied Edward Jones’ motion to compel arbitration under
the FAA. In re FirstMerit Bank,
N.A., 52 S.W.3d 749, 753 (Tex. 2001). Accordingly, without hearing argument,
we conditionally grant the writ and direct the trial court to order that all
claims proceed to arbitration. Tex. R.
App. P. 59.1. 

 

Opinion delivered:      July 1, 2005