**In re MacGREGOR (FIN) OY, Relator.**

No. 01–02–01318–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 2005.

Jeffrey L. Raizner and Ira E. Hoffman, for MacGregor (Fin) Oy.

Mark D. Davidson, pro se.

Kevin B. Finkel and Jack G. Carnegie, for Kellogg Brown & Root, Inc.

Clint Alexander Corrie, Joseph Lawrence Mira, Jeff Nobles and Robert B. Tobor, for Gulf Coast Holdings, Inc.

Panel consists of Justices TAFT, NUCHIA and KEYES.

### SUPPLEMENTAL OPINION ON REMAND

EVELYN V. KEYES, Justice.

On July 10, 2003, we issued our original opinion in the above-referenced cause. *See In re MacGregor (FIN) Oy,* 126 S.W.3d 176, 184–85 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding). On May 20, 2005, the Texas Supreme Court conditionally granted mandamus relief and ordered this Court to "vacate its order compelling KBR to 'arbitrate all claims.'" *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 742 (Tex.2005). In our July 10, 2003 opinion, we decreed:

> The trial court is ordered to vacate its order denying MacGregor's plea in abatement and motion to compel arbitra-

tion, to issue an order compelling KBR to arbitrate all claims, and to stay all proceedings pending arbitration. Only if the trial court fails to comply with these directions shall we instruct the clerk to issue the writ.

*In re MacGregor,* 126 S.W.3d at 184–85. In accordance with the supreme court's order, we vacate only the herein above-quoted decree of our July 10, 2003 opinion and issue the following decree in its stead:

The trial court is ordered to vacate its order denying MacGregor's plea in abatement and motion to compel arbitration and to stay all proceedings pending arbitration. Only if the trial court fails to comply with these directions shall we instruct the clerk to issue the writ.