**Reverse and Remand and Opinion Filed September 27, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00019-CV**

**TOYOTA OF RICHARDSON, Appellant**
**V.**
**AZIZALLAH KOUROS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-03235-A**

## MEMORANDUM OPINION

Before Justices Osborne, Nowell, and Smith
Opinion by Justice Nowell

After purchasing a vehicle from Toyota of Richardson, Azizallah Kouros sued the dealership alleging it made misrepresentations about the vehicle. Toyota filed a motion to compel arbitration, which the trial court denied. In a single issue, Toyota asserts the trial court abused its discretion by denying the motion. Kouros did not file an appellate brief. We reverse the trial court's order denying Toyota's motion to compel arbitration and remand the cause to the trial court for further proceedings.

FACTUAL BACKGROUND

Kouros's petition alleges his claims arise from "contracts, transactions, and other dealings concerning the purchase of a used motor vehicle from Toyota of Richardson." Kouros alleges he went to Toyota's dealership to trade in his car and purchase another used vehicle. The salesman offered to sell him a used 2016 Lexus RX 350 (the Vehicle) and provided Kouros with a Carfax Vehicle History Report showing "no accidents" involving the Vehicle; the salesman represented the Vehicle was "clean and accident free."

Kouros alleges he executed a Retail Installment Sales Contract (the Contract) and financing documents without test driving the Vehicle. The salesman told Kouros that he could test drive the Vehicle after executing the Contract and, if he was not happy, then Toyota would provide a different vehicle for him. When Kouros drove the Vehicle, he was "shocked" because the check engine light was on and the Vehicle had a warning light for a faulty blind spot monitor sensor. Kouros demanded the salesman provide a different vehicle. Rather than doing so, the salesman "calmed him down by saying go home and come back tomorrow" at which time Toyota would exchange the Vehicle for a different car. However, the next day, the salesman refused to exchange the Vehicle.

Kouros alleges he took the Vehicle to a different Lexus dealership where he learned the Vehicle previously had been in an accident, "non-compliant parts were used in the repair," and the Vehicle needed "extensive repairs." After Toyota refused

–2–

to rescind the contract, Kouros sued Toyota alleging claims under the Texas Deceptive Trade Practices Act and for fraud and rescission.

Toyota filed a motion to compel arbitration and attached the Contract to its motion. The title of the Contract is "**MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION**)." The Contract includes the following paragraph:

> Agreement to Arbitrate. By signing below, you agree that, pursuant to the Arbitration Provision on page 6 of this contract, you or we may elect to resolve any disputes by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Kouros's signature appears immediately below the paragraph. Page 6 of the Contract states in part:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**
> 1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
> . . .
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees . . . which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

On the Contract's preceding page, Kouros also signed a statement acknowledging that he had received a completed copy of the Contract. That provision states:

> **BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECIEPT: YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 6, BEFORE SIGNING BELOW.**

Kouros opposed the motion to compel arbitration, but did not present any evidence in opposition to Toyota's motion. After considering "the pleadings, the response, the evidence and arguments of counsel," the trial court denied the motion, and this appeal followed.

STANDARD OF REVIEW

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Id.* Whether the claims in dispute fall within the scope of a valid arbitration agreement is a question of law that we review de novo. *Id.*

Both Texas policy and federal policy favor arbitration. *Id.* Thus, courts "resolve any doubts about an arbitration agreement's scope in favor of arbitration." *Id.* Further, courts focus on the factual allegations and not on the legal causes of

–4–

action asserted. *Id*. The presumption in favor of arbitration "is so compelling that a court should not deny arbitration '*unless it can be said with positive assurance* that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Id.* (quoting *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995)).

## LAW & ANALYSIS

"Motions to compel arbitration are ordinarily decided in summary proceedings 'on the basis of affidavits, pleadings, discovery, and stipulations.'" *GJ Partners, LTD. v. Cima Contractors, LLC*, No. 05-18-01412-CV, 2020 WL 400180, at *3 (Tex. App.—Dallas Jan. 23, 2020, pet. denied) (mem. op.) (quoting *Kmart Stores of Tex., L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex. App.—El Paso 2016, pet. denied after merits briefing)).

A party seeking to compel arbitration must establish two things: (1) the existence of a valid, enforceable arbitration agreement and (2) the disputed claim falls within the scope of that agreement. *See Wagner v. Apache Corp.*, 627 S.W.3d 277, 284 (Tex. 2021). Although there is a strong presumption favoring arbitration, that presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *See id*. Once the validity of an agreement is established, the presumption applies to determine an agreement's scope. *Id.*

After the party seeking to compel arbitration satisfies its initial evidentiary burden, the burden shifts to the party seeking to avoid arbitration to raise an

affirmative defense to the enforcement of the otherwise valid arbitration provision. *See Haddington Fund, LP v. Kidwell*, No. 05-19-01202-CV, 2022 WL 100111, at *4 (Tex. App.—Dallas Jan. 11, 2022, pet. denied) (mem. op.). Generally applicable contract defenses under state law—such as fraud, duress, or unconscionability—may be applied to invalidate arbitration agreements. *Id*. at *5. Because of the strong policy favoring arbitration, any doubts in determining whether the defendant met its burden to prove an affirmative defense must be resolved in favor of arbitration. *Id.* (citing *Pilot Travel*, 416 S.W.3d at 177). In the absence of a valid defense, the trial court has no discretion—it must compel arbitration and stay its own proceedings. *Id*. at *4.

In support of its motion to compel arbitration, Toyota provided the Contract and a supporting business records affidavit. In his petition, Kouros acknowledged he executed the Contract and his claims arise from the Contract. The Contract states that Kouros read the terms of the Contract, including the arbitration provision, and agreed to the Contract. We presume that someone such as Kouros "who has the opportunity to read an arbitration agreement and signs it, knows its contents." *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (per curiam) (orig. proceeding).

The Contract states that "[a]ny claim or dispute . . . between you and us . . . which arises out of or relates to your . . . purchase or condition of this vehicle,. . . shall, at your or our election, be resolved by neutral, binding arbitration and not by

a court action." Kouros's claims against Toyota are that Toyota engaged in fraudulent activity by misrepresenting the condition of the Vehicle and by telling him he could exchange the Vehicle for a different car; Kouros's claims arise out of or relate to his purchase of the Vehicle or the condition of the Vehicle.

Based on the evidence in the record, we conclude Toyota met its initial evidentiary burden to establish the existence of a valid, enforceable arbitration agreement and that the disputed claim falls within the scope of that agreement. *See Wagner*, 627 S.W.3d at 282. The burden then shifted to Kouros.

Although Kouros asserted the arbitration agreement was unenforceable because it was unconscionable, Kouros presented no evidence to support this defense. *See Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 500 (Tex. 2015) ("parties asserting defenses to arbitration clauses have the burden to prove the defenses—including unconscionability"); *Lopez v. Casa Pontiac GMC Buick, Inc.*, No. 14-11-00001-CV, 2011 WL 5926683, at *4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.) ("Although [party resisting arbitration] raised an unconscionability defense by asserting that their lack of education and sophistication in legal and financial matters, coupled with their weak English skills, rendered the arbitration agreement unconscionable, they presented no evidence to support this defense."); *Washburne v. Lynn Pinker Cox & Hurst, LLP*, No. 05-19-00716-CV, 2020 WL 4034978, at *6 (Tex. App.—Dallas July 17, 2020, pet. denied) (mem. op.) ("The burden of proving unconscionability rests on the party

seeking to invalidate the arbitration agreement."). By failing to present any evidence, Kouros failed to meet his burden.

Because Toyota met its initial burden and Kouros failed to present evidence supporting any defense to arbitration, the trial court had no discretion but to compel arbitration and stay its own proceedings. *See In re First Merit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001); *see also Nichols Ford, Ltd. v. Garza*, No. 02-20-00191-CV, 2021 WL 3931916, at *5 (Tex. App.—Fort Worth Sept. 2, 2021, no pet.) (mem. op.); *Lopez*, 2011 WL 5926683, at *4. Accordingly, the trial court erred by denying Toyota's motion to compel arbitration. We sustain Toyota's sole issue.

## CONCLUSION

We reverse the trial court's order denying Toyota's motion to compel arbitration. We remand the case to the trial court for entry of an order compelling arbitration and staying further proceedings pending completion of the pending arbitration.

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

220019f.p05

–8–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TOYOTA OF RICHARDSON,
Appellant

No. 05-22-00019-CV     V.

AZIZALLAH KOUROS, Appellee

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-20-03235-
A.
Opinion delivered by Justice Nowell.
Justices Osborne and Smith
participating.

In accordance with this Court's opinion of this date, we reverse the trial court's order denying Toyota of Richardson's motion to compel arbitration. We remand the case to the trial court for entry of an order compelling arbitration and staying further proceedings pending completion of the pending arbitration.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 27th day of September 2022.