

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-25-00230-CV

**MH CONSULTANTS, INC.,**
Appellant

v.

Lisa **MARTINEZ** and Narciso Martinez,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-21-204
Honorable Baldemar Garza, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:    Irene Rios, Justice
    Lori Massey Brissette, Justice
    Velia J. Meza, Justice

Delivered and Filed: December 23, 2025

AFFIRMED

MH Consultants, Inc. seeks to compel arbitration pursuant to a purchase contract relating to the sale of a manufactured home. The home was sold to Lisa and Narciso Martinez who encountered issues immediately after delivery. The Martinezes sued MH Consultants for money damages. Nearly three years into that suit, MH Consultants filed a motion to compel arbitration. The trial court denied the motion and this interlocutory appeal followed. We hold that MH

Consultants waived its right to compel arbitration by substantially invoking the judicial process. We therefore affirm the trial court's order.

## BACKGROUND

In January 2021, the Martinezes signed a purchase contract for a manufactured home. On the same day, they separately signed an arbitration agreement, which covered "[a]ll claims . . . arising out of or relating in any way to the sale, purchase, or occupancy of the [manufactured home]." The agreement also stated that "validity or enforceability" must be determined under the Federal Arbitration Act.

On September 24, 2021, the Martinezes filed their original petition in district court in Duval County. The petition alleged that MH Consultants delivered a damaged manufactured home and that MH Consultants failed to adequately repair the damage. MH Consultants thereafter engaged in substantial discovery, including filing a motion to compel and seeking discovery sanctions, and filed a motion for summary judgment. Additionally, MH Consultants sought multiple continuances of the trial setting, each on the eve of trial.

On July 29, 2024, MH Consultants filed a motion to compel arbitration. The Martinezes argued MH Consultants impliedly waived the arbitration clause by actively litigating in district court. The trial court denied the motion and MH Consultants timely appealed.

## DISCUSSION

MH Consultants argues that it never waived the right to compel arbitration under the purchase agreement and, therefore, the trial court should have compelled arbitration.[1]

---

[1] In support, MH Consultants asserts that (1) it became aware of the arbitration clause shortly before filing the motion to compel, (2) only "one set of discovery" had been conducted, including depositions by both sides, (3) its filings before the motion to compel, including a motion for summary judgment, were "from a defensive posture," (4) the only affirmative relief it has requested is for attorney's fees and costs, (5) the discovery already conducted could be used in the arbitration proceedings and there will be no duplication of efforts, and (6) it filed the motion a year before trial was scheduled.

We review the denial of a motion to compel arbitration for abuse of discretion, deferring to the trial court on factual determinations supported by the evidence and reviewing legal determinations de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Whether the claims in dispute fall within the scope of a valid arbitration agreement is a question of law, which we review de novo. *Id*. We also review de novo whether a party has waived the right to arbitration by substantially invoking the judicial process. *See Perry Homes v. Cull*, 258 S.W.3d 580, 589 (Tex. 2008).

Because the trial court did not specify its reasons for denying the motion to compel, we must affirm the trial court's decision on any appropriate legal theory urged below.

## 1    Scope and Validity of Arbitration Clause

We start with MH Consultant's initial burden under the Federal Arbitration Act to show (1) the existence of a valid arbitration agreement and (2) that the claims at issue fall within the scope of that agreement. *Wagner v. Apache Corp.*, 627 S.W.3d 277, 282 (Tex. 2021)

First, the arbitration agreement was attached to MH Consultant's motion to compel. The attachment includes the signatures of all parties involved and is authenticated by a business records affidavit. The Martinezes did not challenge validity or authenticity in any way in the trial court.

Second, the arbitration clause itself is broad and applies to "[a]ll claims, disputes, and controversies arising out of or relating in any way to the sale, purchase, or occupancy" of the manufactured home, including "claims based on contract, tort, statute, or any alleged breach, default, or misrepresentation." Each cause of action in this suit arises out of the purchase and delivery of the manufactured home at issue. The Martinezes sued MH Consultants for breach of contract, violation of the Texas Deceptive Trade Practices Act, and negligence. As to the contract theory, the Martinezes alleged MH Consultants breached the purchase agreement by "failing to

deliver the manufactured home in an adequate condition" and by "failing to remedy" the damage to the home. As to the DTPA, they alleged that MH Consultants engaged in deceptive acts in relation to the sale of the manufactured home. And as to negligence, they alleged that MH Consultants negligently "fail[ed] to finish contractual duties" and "fail[ed] to use ordinary care in the delivery of the home."

The policy in favor of arbitration is "so compelling" that a court should compel arbitration "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding) (internal quotation omitted). The Martinezes' contract, negligence, and DTPA claims clearly arise from the purchase of the manufactured home at issue. Because the claims fall within the plain language of the arbitration clause, we hold that MH Consultants carried their initial burden under the FAA.

## 2   Waiver

There is a strong presumption in favor of compelling arbitration and the Martinezes had the burden to prove a defense to arbitration. *See Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499–500 (Tex. 2015). Waiver is such a defense to arbitration. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015).

The first step in assessing waiver by litigation conduct is determining whether the party seeking to compel arbitration has substantially invoked the judicial process. *Perry Homes*, 258 S.W.3d at 590–91. The second step—at least historically—has been to find waiver only where prejudice has occurred, or will occur, to the opposing party. *Id*.

In responding to the motion to compel, the Martinezes argued MH Consultants substantially invoked the judicial process because it "actively engaged in the litigation" for three

years by propounding discovery, participating in mediation, and seeking multiple continuances of the trial setting.[2] We agree.

## 2.1   Substantial Invocation of the Judicial Process

"Whether a party has substantially invoked the judicial process depends on the totality of the circumstances." *G.T. Leach Builders*, 458 S.W.3d at 512. We must consider the following factors:

> • whether the movant was plaintiff (who chose to file in court) or defendant (who merely responded);
> • how long the party moving to compel arbitration waited to do so;
> • the reasons for the movant's delay;
> • whether and when the movant knew of the arbitration agreement during the period of delay;
> • how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;
> • whether the movant requested the court to dispose of claims on the merits;
> • whether the movant asserted affirmative claims for relief in court;
> • the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);
> • the amount of time and expense the parties have committed to the litigation;
> • whether the discovery conducted would be unavailable or useful in arbitration;
> • whether activity in court would be duplicated in arbitration; and
> • when the case was to be tried.

*Perry Homes*, 258 S.W.3d at 591; *G.T. Leach Builders*, 458 S.W.3d at 512. Rarely are all factors presented in a single case and, "[g]enerally, no one factor is, by itself, dispositive." *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016).

We begin with a brief summary of MH Consultants' litigation activity in this case. Regarding the discovery process, it propounded 116 requests for production and 41 interrogatories, conducted 5 depositions, filed a motion to compel discovery and sought discovery sanctions. MH

---

[2] In their briefing before this court, the Martinezes additionally argue that the arbitration clause is unenforceable because it is unconscionable. However, they did not present this argument to the trial court and we may not consider it for the first time on appeal. *See* 950 *Corbindale, L.P. v. Kotts Capital Holdings Ltd. P'ship*, 316 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (refusing to consider appellees' argument that arbitration clause was unconscionable because argument was not presented to trial court).

Consultants also participated in mediation and filed a hybrid traditional and no-evidence summary judgment motion.[3]

MH Consultants entered into an agreed docket control order setting a jury trial for February 26, 2024. Each side submitted witness and exhibit lists, designated experts, and filed motions in limine. Three days before that setting, MH Consultants sought a continuance because its trial counsel suffered from a kidney stone. The motion was granted and trial was moved to July 29, 2024. Ten days before the new setting, MH Consultants sought another continuance because its counsel was again unavailable—this time for a pre-planned vacation. Shortly thereafter, MH Consultants filed its motion to compel arbitration.

Crucially, MH Consultants waited 34 months—nearly three years—before seeking arbitration. As an explanation for the delay, MH Consultants represents that it became aware of the arbitration clause shortly before filing its motion to compel. But MH Consultants was a direct party to the arbitration agreement and produced it during discovery, well before moving to compel arbitration. *Cf. EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 90 (Tex. 1996) (stating that a party who has the opportunity to read an arbitration agreement and signs it is charged with knowing its contents).

Considering the totality of the circumstances, we conclude MH Consultants substantially invoked the judicial process.

## 2.2   Prejudice

We next consider whether the Martinezes were prejudiced. In response to the motion to compel, the Martinezes argued that prejudice was no longer required under *Morgan v. Sundance,*

---

[3] The appellate record does not show whether this motion was ruled upon.

*Inc.*, 596 U.S. 411 (2022), and, in the alternative, they have been prejudiced by "substantial and significant discovery already conducted."

### 2.2.1 Is a showing of prejudice still required?

The Texas Supreme Court has repeatedly held that waiver requires a showing of prejudice in the arbitration context. *See Perry Homes*, 258 S.W.3d at 594–95 (recognizing "the importance of keeping federal and state arbitration law consistent"). After *Perry Homes* was decided, the United States Supreme Court held that prejudice should not be considered in determining whether waiver of an arbitration clause has occurred under the FAA. *Morgan*, 596 U.S. at 416–19. Neither the Texas Supreme Court nor this court has addressed whether *Morgan* has the effect of abrogating *Perry Homes*. *Cf. Morgan*, 596 U.S. at 416 (passing on issue of whether state substantive law should control waiver analysis under FAA); *see also Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267 n.6 (5th Cir. 2004) (acknowledging uncertainty about whether state law or "federal substantive law of arbitrability" applies when determining equitable defenses).

Our sister courts, however, have chosen to opine on the question. On one side, the Fifth Court of Appeals has held that "at least in cases involving the FAA" prejudice is "no longer required in order to establish waiver." *Excavation Sys., Inc. v. Orellana*, 697 S.W.3d 702, 709 (Tex. App.—Dallas 2024, no pet.). On the other side, the Eighth Court of Appeals appears to have concluded that prejudice is still required. *F.T. James Constr., Inc. v. Hotel Sancho Panza, LLC*, 657 S.W.3d 623, 635 (Tex. App.—El Paso 2022, no pet.).

And in the middle, the First, Thirteenth, and Fourteenth Courts have expressed doubt that *Morgan* directly controls. *Thomas Craig Constr., Inc. v. Park Square Condo. Owner's Ass'n*, No. 01-22-00918-CV, 2025 WL 1759012, at *14 (Tex. App.—Houston [1st Dist.] June 26, 2025, no pet.) (mem. op.) ("Texas might no longer require a showing of prejudice in FAA cases."); *McMillin*

*Tex. Homes, LLC v. Oliver*, No. 13-23-00286-CV, 2024 WL 484683, at *3, n.8 (Tex. App.—Corpus Christi–Edinburg Feb. 8, 2024, no pet.) (mem. op.) ("[T]he Texas Supreme Court has not yet determined what effect, if any, Morgan has on state waiver law."); *Preferred Pools of Houston, Inc. v. Gossai*, No. 14-23-00635-CV, 2024 WL 4457032, at *7 (Tex. App.—Houston [14th Dist.] Oct. 10, 2024, no pet.) (mem. op.) (noting that "[w]hether [*Morgan*] would govern in state court . . . is unsettled and a matter for the Texas Supreme Court to determine").

We need not opine on the applicability of *Morgan* because the record here shows prejudice under the *Perry Homes* standard. *See Fid. Auto Group, LLC v. Hargroder*, 689 S.W.3d 1, 16, n.3 (Tex. App.—Beaumont 2024, no pet.) (passing on question where record shows prejudice); *see also McMillin Tex. Homes, LLC*, 2024 WL 484683, at *3 n.8 (passing on question where record shows no substantial invocation of judicial process).

### 2.2.2 The record shows prejudice.

In this context, prejudice "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Perry Homes*, 258 S.W.3d at 597 (quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004)). A party arguing waiver need not show the precise *amount* of prejudice—only the "*fact* of prejudice." *Perry Homes*, 258 S.W.3d at 599.

MH Consultants argues that "only a minimal amount of discovery has been conducted" all of which "is equally available in arbitration." However, the record shows that MH Consultants engaged in substantial discovery, sought sanctions relating to its numerous discovery requests, participated in mediation, and filed a traditional and no-evidence motion for summary judgment. Each of these actions required a response from the Martinezes.

While some discovery may continue to be useful in arbitration, the record indicates that discovery is completed. MH Consultants filed a no-evidence summary judgment, which may only be filed after an "adequate time for discovery," and the parties were fully prepared to go to trial on two separate occasions. And MH Consultants sought two continuances—each on the eve of trial after the parties exchanged witness lists and filed motions in limine. *See Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 522 (Tex. App.—El Paso 2013, no pet.) (finding prejudice after party revealed "trial strategy through the filing of its trial fact and expert witness lists").

Each of MH Consultants' actions in this litigation required a response from the Martinezes. After 34 months of active litigation, MH Consultants finally filed its motion to compel arbitration. On this record, we hold that the trial court did not abuse its discretion by concluding that the Martinezes were prejudiced by MH Consultants' substantial invocation of the litigation process.

## CONCLUSION

Because we conclude the Martinezes have satisfied both elements of waiver required under Perry Homes, the trial court's order denying MH Consultants' motion to compel arbitration is affirmed.

Velia J. Meza, Justice